FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 18 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JUSTIN EGBUFOAMA** | ) **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.**   **1:24-CV-1655** |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS INC.; TRANSUNION** | ) |
| **LLC.; EQUIFAX INFORMATION** | ) |
| **SERVICES LLC.,** | ) |
| **Defendants.** | |

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

## I.   INTRODUCTION

1.  This is an action for actual and statutory brought by Plaintiff Justin Egbufoama an individual consumer, against Defendants, EXPERIAN INFORMATION SOLUTIONS INC., (hereinafter "Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

2.  This is an action for actual and statutory brought by Plaintiff Justin Egbufoama an individual consumer, against Defendants, TRANSUNION

1

LLC., (hereinafter "Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

3.   This is an action for actual and statutory brought by Plaintiff Justin Egbufoama an individual consumer, against Defendants, EQUIFAX INFORMATION SERVICES LLC., (hereinafter "Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

## II.   JURISDICTION AND VENUE

4.   Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business in Kennesaw, Georgia, and the conduct complained of occurred in Kennesaw, Georgia.

## III.   PARTIES

5.   Plaintiff Justin Egbufoama (hereinafter "Mr. Egbufoama") is a natural person residing in Kennesaw, Georgia. Mr. Egbufoama is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

6.   Upon information and belief, Defendant Experian is a California corporation duly authorized and qualified to do business in the State of Georgia.

7.   Upon information and belief, Defendant Transunion is a Delaware Limited Liability Company duly authorized and qualified to do business in the State of Georgia.

2

8.  Upon information and belief, Defendant Equifax is a Georgia Limited Liability Company duly authorized and qualified to do business in the State of Georgia.

9.  Upon information and belief Experian, Transunion, and Equifax are consumer reporting agencies that complies and maintains files on consumers on a nationwide basis as defined by 15 USC 1681a(p). Upon information and belief, the Defendants are regularly engaged in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a.  Public record information;

    b.  Credit account information from persons who furnish that information regularly and in the ordinary course of business/

### IV.   FACTS OF THE COMPLAINT

10.  Plaintiff made a written request sent by certified mail for a copy of his full consumer disclosure which Experian received on or about August 28th, 2023.

11.  In response to the Plaintiff's very specific request for his full consumer file disclosure Plaintiff received an email to dispute online from Experian which was not responsive to his request.

3

12.    Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Equifax on or about August 30th, 2023.

13.    In response to the Plaintiff's very specific request for his full consumer file disclosure the Plaintiff received a letter stating that Equifax needs additional information to verify his identity although the plaintiff included all necessary identifying documentation.

14.    Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Transunion on August 28th, 2023.

15.    In response to the Plaintiff's very specific request for his full consumer file disclosure the Plaintiff received a credit report from Transunion which was not responsive to his request.

16.    Plaintiff made the exact same request from each of the Defendants and specified in detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a full consumer file disclosure at least once per year at no charge when a request is made by a consumer.

17.    Plaintiff's request for a full consumer file disclosure from each Defendant was the first request for a disclosure within a 12 months and identification in the

for of his SSN, current driver's license, and utility bill was attached to the request for identification.

18. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a full consumer file disclosure pursuant to the FCRA of each Defendant.

19. At no time did the Plaintiff make any request for a credit report from the Defendants, but instead was very specific in requesting a full consumer file disclosure pursuant to 15 USC 1681(g)(a)(1).

20. In response to the Plaintiff's second request for a full consumer file disclosure to Experian he received another email stating to dispute online, which was not responsive to his request as required by 15 USC 1681g(a)(1).

21. In response to the Plaintiff's second request for a full consumer file disclosure to Equifax he received another request for identity verification.

22. In response to the Plaintiff's second request for a full consumer file disclosure to Transunion he received another credit report, which was not responsive to his request as required by 15 USC 1681(g)(a)(1)

23. Upon information and belief there is a substantial amount of information relating to the Plaintiff that is contained in all Defendants; files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is

5

provided to prospective creditors, insurers, or employers who request information on the Plaintiff that the Plaintiff has never seen or is aware of.

24. Upon information and belief, the information that is not disclosed to the Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers, or employers which directly affect how that prospective creditor, insurer, or employer would view the Plaintiff in terms of granting credit, rating insurance policies, or providing employment.

25. This undisclosed information has never been provided to the Plaintiff even when it was requested so he could examine it for accuracy. It could be blatantly false or at least misleading and without disclosure by the Defendants he would not have the opportunity to dispute the accuracy or completeness of it, which he are legally entitled to under the law. Disclosure of false or misleading information to prospective creditors, insurers, or employers that the Plaintiff knows nothing about could paint him in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming him substantially.

26. Plaintiff made multiple specific requests of each of the Defendants for a full consumer file disclosure as clearly stated in 15 USC 1681(g)(a)(1) and all Defendants have failed to comply with the requests therefore in violation of the FCRA.

6

27.   Plaintiff has been denied credit and/or granted credit at a higher interest rate. Plaintiff has wasted time and money sending multiple requests via certified mail to each defendant to ignore his request. Plaintiff has a fear of being denied credit in the future due to undisclosed information in his file. The failure to comply with his request has resulted in actual damages.

28.   The actions of all Defendants occurred within the past 2 years and are withing the Statute of Limitations under the FCRA.

### V.   CLAIM FOR RELIEF
**(Defendants Experian, Equifax, and Transunion)**
**15 U.S.C. § 1681 et seq.**

29.   All preceding paragraphs are re-alleged.

30.   Plaintiff is a consumer within the meaning of the FCRA, 15 USC 1681(a)(c).

31.   Experian, Transunion, and Equifax are consumer reporting agencies within the meaning of the FCRA, 15 USC 1681(a)(f).

32.   Experian, Transunion, and Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 USC 1681(g)(a)(1).

33.   Plaintiff is entitled to recover actual damages, statutory damages, costs, and fees from Defendant pursuant to 15 U.S.C. § 1681n and 1681o.

### VI.   <u>JURY DEMAND AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that

judgment be entered in favor of Plaintiff and against the Defendants for:

A. Judgment for the violations occurred for violating the FCRA;

B. Actual or Statutory damages pursuant to 15 U.S.C 1681n(a)(1)(A);

C. Actual damages pursuant to 15 U.S.C 1681o(a)(1);

D. Cost pursuant to 15 U.S.C 1681n(a)(3) and 15 U.S.C 16811o(b);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

*/s/Justin Egbufoama*
2446 Hidden Creek
Kennesaw, GA 30152
770-374-3031
egbufoamajustin@gmail.com